IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TERRELL J. MILLER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | Case No. 12-1356-JAR-KMH |
| **STATE OF KANSAS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

### MEMORANDUM AND ORDER DENYING MOTION FOR
### TEMPORARY RESTRAINING ORDER

This lawsuit was filed *pro se* by Terrell J. Miller,[1] under 42 U.S.C. § 1983, stemming from state criminal charges of indecent liberties with a child pending against him in Sedgwick County, Kansas District Court. Plaintiff alleges that Defendants, the Honorable Warren Wilbert and the Honorable Gregory Waller, Sedgwick County Assistant District Attorney Tom Weilert, and his court-appointed Public Defender Ken Newton, obtained numerous continuances in the criminal proceedings without his permission, violating his rights under the Speedy Trial Act and the Fourteenth Amendment.[2] On September 26, 2012, Plaintiff filed a Motion for Leave to File Temporary Restraining Order (Doc. 4) asking this Court to enjoin his criminal trial in Sedgwick County District Court set to commence on October 1, 2012.[3] At the time this motion was filed, summons had not yet issued to Defendants, and Plaintiff seeks injunctive relief without notice to Defendants.

---

[1] Plaintiff also seeks leave to proceed *in forma pauperis* (Doc. 3), which remains pending.

[2] Although Plaintiff names the State of Kansas as a defendant, his Complaint identifies the individual defendants only, alleging that they were acting under the color of state law.

[3] Sedgwick County District Court Case No. CR 10-2405.

Under Fed. R. Civ. P. 65(b)(1), the Court may issue a temporary restraining order without written or oral notice to the adverse party under the following circumstances:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

To obtain a temporary restraining order or a preliminary injunction, the moving party must show a clear and unequivocal right to relief.[4] The moving party must establish the following elements to obtain relief:

> (1) a substantial likelihood of success on the merits; (2) a showing of irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.[5]

In cases where the movant has prevailed on the other factors, the Tenth Circuit generally uses a liberal standard for "probability of success on the merits," so the moving party need only raise "questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation."[6]

There are three types of injunctions that are disfavored in the Tenth Circuit and are thus subjected to a heightened burden. Those injunctions are: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford

---

[4]*SCFC ILC, Inc., v. Visa USA*, 936 F.2d 1096, 1098 (10th Cir. 1991).

[5]*Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

[6]*Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980) (internal quotations omitted).

the movant all the relief that it could recover at the conclusion of a full trial on the merits.[7]  If an injunction falls into one of these categories, it "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course."[8]

Plaintiff does not cite to nor discuss the elements required for obtaining a temporary restraining order or why notice of his motion should not be required.  Plaintiff has not proffered any argument or evidence that he is substantially likely to succeed on his § 1983 claims, as the *Younger* abstention doctrine likely precludes this Court from enjoining pending state court criminal proceedings when such relief could adequately be sought before the state court.[9] *Younger* requires a federal court to abstain when "(1) there is an ongoing state criminal, civil or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'"[10]  Since this case involves ongoing state criminal proceedings in which the state's interest in enforcing its criminal statutes is at stake, and Plaintiff has the opportunity to raise constitutional issues and appeal those issues if he believes they are wrongly decided, abstention under *Younger* would appear proper in this case.

The *Younger* doctrine is not without its own exceptions, as federal courts may "enjoin a

---

[7] *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (per curiam), *aff'd*, 126 S. Ct. 1211 (2006); *see also Schrier*, 427 F.3d at 1258–59.

[8] *Id.*

[9] *Younger v. Harris*, 401 U.S. 37 (1971).

[10] *Amanatullah v. Colo. Bd. of Medical Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 (1998)).

pending state criminal prosecution provided that it was (1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate."[11] Plaintiff has not alleged, much less shown, that any exceptions to the *Younger* doctrine are implicated. Although Plaintiff asserts that the delays in bringing him to trial were done to delay justice, he does not allege that the prosecution was commenced in bad faith, and his reference to Jessica's Law is not in the context of whether it is constitutional, but rather whether the prosecution's invocation of the law infringed his right to a speedy trial. Finally, even assuming that Plaintiff could come forward with the facts necessary to show a substantial likelihood of success on the merits, he has not alleged or shown that he will suffer the sort of irreparable harm that would justify granting immediate equitable relief. The state courts appear to provide Plaintiff with a full and adequate venue for vindicating his asserted rights, and he is clearly represented by counsel in the state court proceedings. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Temporary Restraining Order (Doc. 4) is **DENIED.**

**IT IS SO ORDERED.**

**Dated: September 28, 2012**

                                               S/ Julie A. Robinson
                                               **JULIE A. ROBINSON**
                                               **UNITED STATES DISTRICT JUDGE**

---

[11] *Phelps v. Hamilton*, 59 F.3d 1058, 1064 (10th Cir. 1995).