IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TERRELL J. MILLER,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>) Case No. 12-1356-JAR-KMH<br>**JUDGE GREGORY WALLER, et al.,** )<br>)<br>**Defendants.** )<br>_____ ) | |

## MEMORANDUM AND ORDER

This lawsuit was filed *pro se* and *in forma pauperis* by Terrell J. Miller, under 42 U.S.C. § 1983, stemming from state criminal charges of indecent liberties with a child pending against him in Sedgwick County, Kansas. Plaintiff alleges that Defendants, two District Court Judges, a Sedgwick County Assistant District Attorney, and his court-appointed Public Defender, obtained numerous continuances in the criminal proceedings without his permission, violating his rights under the Speedy Trial Act and the Fourteenth Amendment.[1] On September 26, 2012, Plaintiff filed a Motion for Leave to File Temporary Restraining Order (Doc. 4) asking this Court to enjoin his criminal trial in Sedgwick County District Court, set to commence on October 1, 2012, which the Court denied on September 28, 2012 (Doc. 6). Plaintiff also moved for dismissal of the criminal charges pending in Sedgwick County District Court Case No. 10-CR-2405 (Doc. 5).

On October 4, 2012, the Court issued an Order directing Plaintiff to show good cause in writing why the *Younger* doctrine does not require this Court to abstain and this case to be

---

[1]Although Plaintiff names the State of Kansas as a defendant, his Complaint identifies the individual defendants only, alleging that they were acting under the color of state law.

dismissed (Doc. 8). Plaintiff filed a 70-page response to the Court's Order (Doc. 16) that included a copy of his original Complaint and Motion for TRO, an Amended Motion for TRO, an Amended Supplemental Pleading and a Motion for Leave to File a Supplemental Complaint. Plaintiff seeks to add as defendants the Attorney General of Kansas, a detective that investigated the case, and the victim and her mother, as well as a charge of conspiracy and constitutional challenges to Jessica's Law and K.S.A. §§ 21-3503 and 3504, under which he is charged with indecent liberties with a child. Although difficult to decipher, it appears that he seeks to amend his Complaint to allege that the indecent liberties charges, which define a child as over the age of fourteen but under the age of sixteen, and which are subject to a mandatory 25-year sentencing enhancement under Jessica's Law, violate his right to due process if they are enforced without determining whether the victim was "impure." Plaintiff also filed a Motion to Convene Three-Judge Panel (Doc. 19) and Motion for Leave to File Stay (Doc. 20) so that he could consult a lawyer about pursuing a class action. Plaintiff continues to seek an injunction of his criminal trial in Sedgwick County District Court, which was continued until February 4, 2013, after Plaintiff was appointed new counsel.[2]

After reviewing Plaintiff's response to the Order to Show Cause and proposed amended pleadings, it is even more apparent that the *Younger* abstention doctrine precludes this Court from interfering with the pending state court proceedings by granting the equitable relief requested when such relief could adequately be sought before the state court.[3] Although leave to amend a complaint under Fed. R. Civ. P. 15(a) is freely given when justice so requires,

---

[2]The Court takes judicial notice of the docket sheet in Sedgwick County District Court Case No. 10-CR-2405.

[3]*Younger v. Harris*, 401 U.S. 37 (1971); *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).

2

Plaintiff's proposed supplemental pleading, like is original Complaint, is futile.[4] Abstention is appropriate only absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule.[5] *Younger* requires a federal court to abstain when "(1) there is an ongoing state criminal, civil or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'"[6] Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain.[7]

This case involves ongoing state court criminal proceedings in which the State of Kansas's interest in enforcing its criminal code is at stake. Plaintiff also has the opportunity to raise constitutional issues and appeal those issues to the state appellate courts if he believes they are wrongly decided. Although Plaintiff asserts that the charges were brought to harass him and that there has been a conspiracy to obstruct justice and spoliation of evidence, his mere allegations do not meet his heavy burden to overcome the bar of *Younger* abstention.[8] Nor are the charging statutes or Jessica's Law patently unconstitutional, as the Kansas Supreme Court

---

[4]*Anderson v. Merrill Lynch Pierce, Fenner, & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

[5]*Phelps v. Hamilton*, 59 F.3d 1058, 1064 (10th Cir. 1995).

[6]*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 (1998)).

[7]*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (citation omitted).

[8]*Phelps v. Hamilton*, 59 F.3d at 1066.

3

recently held.[9]  Accordingly, the *Younger* doctrine requires dismissal of this action.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File Supplemental Complaint (Doc. 21) is DENIED;

**IT IS FURTHER ORDERED** that this case is DISMISSED without prejudice. Plaintiff's Motion to Dismiss the criminal charges (Doc. 5), Amended Motion for TRO (Doc. 22), Motion to Convene Three-Judge Panel (Doc. 19), and Motion to Stay (Doc. 20) are DENIED as moot.

**IT IS SO ORDERED.**

Dated: January 10, 2013

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[9] *State v. Woodward*, 280 P.3d 203 (Kan. 2012).